UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

BRISHEN KASZYCKI,

Plaintiff,

v.

UNITED STATES OF AMERICA, et al.,

Defendants.

CASE NO. C19-1943 RSM

ORDER GRANTING
DEFENDANT'S MOTION TO
DISMISS

## I.      INTRODUCTION

This matter comes before the Court on Defendant United States of America's Motion to Dismiss under Rules 12(b)(1) and 12(b)(6).  Dkt. #10.  Plaintiff Brishen Kaszycki opposes this Motion.  Dkt. #11.  For the reasons stated below, the Court GRANTS Defendant's Motion and dismisses this case.

## II.      BACKGROUND[1]

In March of 2019 Plaintiff Kaszycki submitted to ATF an "Application to Make and Register a Firearm," ATF Form 1, listing a Colt AR-15A4 short-barreled rifle.  In October of 2019, ATF denied the application due to a background check.

---

[1] The following background facts are taken from Plaintiff's Amended Complaint, Dkt. #6, and accepted as true for purposes of ruling on Defendant's Motion to Dismiss.

Between January and August 2019, Mr. Kaszycki sought to purchase seven silencers from multiple firearm dealers, requiring him to fill out seven copies of ATF Form 4. All seven Form 4 applications were denied in November 2019 due to his background check being in "open" status.

Mr. Kaszycki filed the instant case on November 27, 2019. In his Amended Complaint, he requests judicial review of ATF's allegedly wrongful denial under 18 U.S.C. § 925A and the Administrative Procedures Act ("APA"), 5 U.S.C. §§ 701-706. Dkt. #6 at IV, ¶¶ 1, 4. He also alleges constitutional violations under the Second Amendment and Fifth Amendment's Due Process Clause. *Id.* at IV, ¶¶ 2-3. Mr. Kaszycki requests the Court order ATF to approve his firearm applications and the FBI to update his record to avoid future denials. *Id.* at V, ¶¶ 1-2.

Mr. Kaszycki subsequently learned in this litigation that his applications were denied because ATF believed and believes that he was involuntarily committed to a mental institution. Pursuant to 18 U.S.C. § 922(g)(4), it "shall be unlawful for any person … who has been committed to a mental institution" to receive or possess any firearms or ammunition. Mr. Kaszycki pleads in his Amended Complaint that he has never been involuntarily committed and that he has additional documentation showing that he was never committed.

### III.    DISCUSSION

**A. Legal Standard**

Under Rule 12(b)(1), a defendant may challenge the plaintiff's jurisdictional allegations in one of two ways: (1) a "facial" attack that accepts the truth of the plaintiff's allegations but asserts that they are insufficient on their face to invoke federal jurisdiction, or (2) a "factual" attack that contests the truth of the plaintiff's factual allegations, usually by introducing evidence outside the pleadings. *Leite v. Crane Co.*, 749 F.3d 1117, 1121-22 (9th Cir. 2014). When a party raises a facial attack, the court resolves the motion as it would under Rule

12(b)(6), accepting all reasonable inferences in the plaintiff's favor and determining whether the allegations are sufficient as a legal matter to invoke the court's jurisdiction. *Id*. at 1122.

In making a 12(b)(6) assessment, the court accepts all facts alleged in the complaint as true, and makes all inferences in the light most favorable to the non-moving party. *Baker v. Riverside County Office of Educ.*, 584 F.3d 821, 824 (9th Cir. 2009) (internal citations omitted). However, the court is not required to accept as true a "legal conclusion couched as a factual allegation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id*. at 678. This requirement is met when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. The complaint need not include detailed allegations, but it must have "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Absent facial plausibility, a plaintiff's claims must be dismissed. *Id*. at 570.

**B. Statutory and Regulatory Background**

Addressing the Government's Motion requires a short summary of applicable laws and regulations. The Brady Handgun Violence Prevention Act, Pub. L. 103-159, 107 Stat. 1536 (1993) (codified in part at 34 U.S.C. § 40901), amended the Gun Control Act ("GCA") and directed the Attorney General to establish a background check procedure for determining whether an unlicensed prospective transferee of a firearm is prohibited under federal or state law from receiving a firearm. 18 U.S.C. § 922(t)(1). The Attorney General established the National Instant Criminal Background Check System ("NICS"), managed by the FBI Criminal Justice Information Services Division's NICS Section. 28 C.F.R. § 25.3. The Brady Act empowered the Attorney General to issue applicable regulations. Pub. L. 103(h), 107 Stat. 1542

(codified at 34 U.S.C. § 40901(h)). It also required any licensed importer, manufacturer, or dealer in firearms (*i.e.*, the holder of a Federal Firearms License, or "FFL") to contact NICS to perform a background check before transferring most types of firearms. *See* 18 U.S.C. § 922(t)(1); 28 C.F.R. § 25.1; *but see* 18 U.S.C. § 922(t)(3) (identifying the types of exempt transfers).

For more traditional types of firearms transfers, the FFL initiates an NICS background check. 18 U.S.C. § 922(t)(1)(A) (requiring the licensee to contact NICS before completing the transfer); 28 C.F.R. § 25.6(a). NICS then verifies that the seller is licensed, conducts a search of databases for any records suggesting that the purchaser is prohibited from acquiring a firearm, and issues a determination that the transaction may proceed, is denied, or is delayed. 28 C.F.R. § 25.6(c). If NICS denies an FFL-initiated background check, an individual may file an administrative request for an explanation of the denial and, may file a written appeal with NICS challenging the denial. 28 C.F.R. § 25.10(a) and (d).

However, pursuant to the Internal Revenue Code, certain types of firearms controlled by the National Firearms Act ("NFA") must have ATF approval and require payment of a tax before they may be transferred or made. *See* 26 U.S.C. §§ 5812(a); 5822; *cf. United States v. McGill*, 618 F.3d 1273 (11th Cir. 2010) (describing the NFA as "establish[ing] a separate regulatory structure for a narrow class of specialized weapons" including short-barreled rifles and silencers). If ATF approves such a transfer or making, the FFL need not initiate an NICS background check as described above. *See* 18 U.S.C. § 922(t)(3)(B). Short-barreled rifles and silencers are both included within the NFA's scope. 26 U.S.C. § 5845(a)(3) and (7); 27 C.F.R. § 479.11 (definition of "firearm" includes "a rifle having a barrel or barrels of less than 16 inches in length" and "a muffler or a silencer for any firearm whether or not such firearm is included within this definition").

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS - 4

To obtain ATF approval for the transfer of a silencer, an FFL must submit ATF Form 4 to register the firearm to the transferee and pay a $200 tax.  For the making of a short-barreled rifle, the applicant must submit ATF Form 1 to register the firearm and pay a $200 tax.  26 U.S.C. §§ 5811, 5812, 5821, 5822; 27 C.F.R. §§ 479.62, 479.84.  ATF must disapprove the application "if the transfer, receipt, or possession of the firearm would place the transferee in violation of law." 26 U.S.C. § 5812(a); 27 C.F.R. § 479.86.  In making this determination, ATF may check records systems and, by regulation, must consult NICS.  27 C.F.R. § 479.86.

**C. Plaintiff's claims brought under 18 U.S.C. § 925A**

The Government argues that this case cannot proceed because Plaintiff Kaszycki has failed to demonstrate a waiver of sovereign immunity. A plaintiff cannot maintain an action against the United States if the United States has not waived its sovereign immunity unequivocally. *See United States v. Nordic Vill., Inc.*, 503 U.S. 30, 33 (1992).  If immunity applies, the Court lacks subject-matter jurisdiction to consider a claim.  *Whitbeck v. DHS/CBP*, No. C16-0877, 2016 WL 3551884, at *2 (W.D. Wash. June 30, 2016).

Plaintiff relies in part on 18 U.S.C. § 925A for his claims.  Under this statute, Congress waived the government's sovereign immunity by creating a civil action against the United States to obtain an order directing that erroneous information be removed from NICS or approving a firearms transfer.  The Government argues that this remedy applies only when a person has been "denied a firearm pursuant to subsection (s)[2] or (t) of 922," and that this was not the case here because an FFL did not initiate an NICS check under § 922(t), rather it was ATF who advised the Plaintiff that his applications were denied.  Dkt. #10 at 7.  Short-barreled rifle and silencer transfers fall within the scope of the NFA and require approval from ATF.  26

---

[2] The parties agree that subsection (s) is no longer is effective—its terms expired 60 months after the Brady Act's passage in 1993.

U.S.C. § 5845(a)(3) and (7); 27 C.F.R. § 479.11.  ATF's authority to approve or deny short-barreled rifle and silencer transfers does not arise under 18 U.S.C. § 922(t), but through 26 U.S.C. § 5812.  The Government points out that section 922(t)(3)(B) makes clear that FFLs need not contact NICS for a background check if the transfer was approved by ATF under 26 U.S.C. § 5812.  Dkt. #10 at 7.  The Government admits that ATF did consult NICS for these applications by operation of regulation, but argues that just because "ATF chose, by regulatory rulemaking, in 1998—five years after passage of the Brady Act—to consult NICS to aid in its determination of whether the transferee is a prohibited person does not amount to a congressional waiver of sovereign immunity."  *Id.* at 8 (citing *Heller v. United States*, 776 F.2d 92, 98 n.7 (3d Cir. 1985) ("[G]overnment regulations alone, without the express intent of Congress, cannot waive sovereign immunity.")).

In Response, Mr. Kaszycki argues that section 922(t) applies to the silencer transfers because he sought to purchase them from federally licensed dealers and because "[t]he 18 USC § 922(t)(3)(B) exception applies only when the Attorney General approved the transfer under § 5812 of the Internal Revenue Code…. [b]ut the ATF here did not approve the transfer, it denied the transfer, which is why this lawsuit exists in the first place."  Dkt. #11 at 4–5.  Mr. Kaszycki does not offer further legal support for this position.

On Reply, the Government argues that it is Mr. Kaszycki's burden to demonstrate subject matter jurisdiction, and that he points to no authority where courts have held that a denial made pursuant to 26 U.S.C. § 5812 is appropriate for judicial review under 18 U.S.C. § 925A.  Dkt. #12 at 3.  The Government argues that section 922(t)(3)(B)'s reference to approval of a transfer under section 5812 represents a "carve-out for ATF-specific applications."  *Id.*

The Court agrees that the statutory lay-of-the-land creates a carve-out for ATF to approve or deny applications under 26 U.S.C. § 5812, and that this is different than applications

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS - 6

approved or denied after an FFL initiates an NICS background check pursuant to 18 U.S.C. § 922(t).  ATF acted on its own pursuant to section 5812 in not approving these applications, pending further information from Mr. Kaszycki.  Accordingly, Mr. Kaszycki cannot bring a cause of action under 18 U.S.C. § 925A and he has failed to show a waiver of sovereign immunity.  The Government's Motion is granted as to this claim under Rules 12(b)(1) and 12(b)(6).

**D.  Claims brought under the APA**

Beyond his cause of action under 18 U.S.C. § 925A, Mr. Kaszycki fails to point to another statute or regulation ATF violated in disapproving the transfer applications. "There is no right to sue for a violation of the APA in the absence of a 'relevant statute' whose violation 'forms the legal basis for [the] complaint." *El Rescate Legal Servs., Inc. v. Executive Office of Immigration Review*, 959 F.2d 742, 754 (9th Cir. 1991) (quoting *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871 (1990)). The Government asserts that Mr. Kaszycki has the obligation to "identify a substantive statute or regulation that the agency action had transgressed." Dkt. #10 at 9 (citing *Sierra Club v. Martin*, 110 F.3d 1551, 1555 (11th Cir. 1997)). The right to judicial review under the APA belongs only to those who are "suffering legal wrong . . . or adversely affected or aggrieved by agency action within the meaning of a relevant statute." 5 U.S.C. § 702.

In his Response, Mr. Kaszycki argues that, in addition to section 922(t), he believes ATF also violated 26 USC § 5822 and 5812. Dkt. #11 at 5.  Specifically, he states:

> The law does not grant ATF authority, expressly or impliedly, to weigh the merits of an application. The relevant statutes do not use terms like "may" or "should." They do not set out criteria upon which ATF should evaluate the merits of each application other than to say that the application shall be denied if it would put the applicant in violation of law. ATF denied the application because it may put the applicant in violation of law.

*Id*. at 6.  Mr. Kaszycki does not cite to any cases where a court has run with this argument.

On Reply, the Government acknowledges that Congress mandated that an application "shall be denied" if it would put the applicant in violation of law, but contends "[i]t is not necessarily the case that because Congress required that some application be denied, that all others must be approved." Dkt. #12 at 4. The Government posits that the mandatory language is "merely a constraint on the Director's discretion to approve, but is not a restraint on his or her ability to deny." *Id*. To support this position, the Government also does not cite to any case directly on point, but argues that the GCA (arguably part of the same statutory scheme for Federal firearms law) contains language in one section stating that "any application submitted… shall be approved" if the applicant satisfies certain conditions—language missing from 26 U.S.C. § 5822 and 5812. *Id*. (citing 18 U.S.C. § 923). The Government cites to this and other examples to conclude that "[b]ecause Congress clearly knows how to require approval of applications when it chooses to do so, that Congress did not require such approval under Section 5812 or 5822 means that ATF has discretion when it approves transfers or applications under those Sections." *Id*. at 5.

The Court finds that Mr. Kaszycki has failed to state a claim under the APA for ATF's violation of 26 U.S.C. § 5822 and 5812. The Court agrees with the Government's analysis and finds that, based on the facts as stated in the pleadings, these statutes gave ATF discretion to approve or not approve Mr. Kaszycki's applications for silencers and to modify a rifle. This claim is properly dismissed under Rule 12(b)(6).

Finally, the Government argues that nothing in the applicable statutory or regulatory framework affords "judicially manageable standards … available for judging how and when [ATF] should exercise its discretion" to approve a transfer application, rendering it "impossible to evaluate agency action for abuse of discretion." Dkt. #12 at 5 (citing *Int'l Brotherhood of Teamsters v. U.S. Dep't of Trans.*, 861 F.3d 944, 955 (9th Cir. 2017) (internal quotation marks

and citation omitted)).  The Court agrees.  Even if the Court were to evaluate ATF's actions under the APA, it would have no statutory benchmark against which to measure ATF's exercise of discretion.

**E. Constitutional Claims**

The Government argues that Mr. Kaszycki's Second Amendment claim fails because "numerous courts have held that short-barreled rifles and silencers fall outside the Second Amendment's guarantee."  Dkt. #10 at 11 (citing, *inter alia*, *United States v. McCartney* 357 Fed. App'x 73, 76 (9th Cir. 2009); *United States v. Cox*, 906 F.3d 1170, 1186 (10th Cir. 2018) (holding that silencers and short-barreled rifles are not protected by the Second Amendment), *cert. denied*, 139 S. Ct. 2690 (2019)).  Mr. Kaszycki fails to address this argument and extensive case law, essentially conceding that his Second Amendment claim has no merit.  The Court agrees and will dismiss this claim.

Turning to Mr. Kaszycki's Fifth Amendment Due Process claim, he argues that because he complied with federal law by completing the proper applications and paying the tax, and because he does not suffer from any state or federal firearm disabilities, he was entitled by federal law to approval of his applications.  Dkt. #11 at 7.

Mr. Kaszycki's briefing indicates he is making only a procedural due process claim.  "A procedural due process claim has two distinct elements: (1) a deprivation of a constitutionally protected liberty or property interest, and (2) a denial of adequate procedural protections." *Brewster v. Bd. of Educ. of the Lynwood Unified Sch. Dist.*, 149 F.3d 971, 982 (9th Cir. 1998). A threshold requirement is the plaintiff's showing of a liberty or property interest protected by the Constitution.  *Ching v. Mayorkas*, 725 F.3d 1149, 1155 (9th Cir. 2013).

Mr. Kaszycki argues that he has a constitutionally protected property interest in the approval of his applications. However, as discussed above, ATF is not obligated by law to

approve an application, and remains in the process of determining whether these applications should be approved.  Accordingly, Mr. Kaszycki has not stated a claim that is plausible on its face and the Court cannot draw the reasonable inference that the Government has violated his procedural due process rights.  Dismissal is warranted under Rule 12(b)(6).

**F.  Leave to Amend**

Where a complaint is dismissed for failure to state a claim, "leave to amend should be granted unless the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency."  *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986).  Mr. Kaszycki has already amended his Complaint once, and the deficiencies above are mainly legal in nature, not factual.  Leave to amend will therefore not be granted.

## IV.  CONCLUSION

Having reviewed the relevant pleadings and the remainder of the record, the Court hereby finds and ORDERS:

(1) Defendant United States of America's Motion to Dismiss, Dkt. #10, is GRANTED.

(2) All of Plaintiff Kaszycki's claims are DISMISSED.

(3) All pending motions in this case are DENIED AS MOOT.

(4) This case is CLOSED.

DATED this 1st day of June, 2020.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE